IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| EDWARD W. GRUBB, III, <br><br> Plaintiff, <br><br> vs. <br><br> BNSF RAILWAY COMPANY, a Delaware corporation, <br><br> Defendant. | CV 19-50-BLG-SPW-TJC <br><br> **ORDER** |

Plaintiff Edward W. Grubb, III ("Grubb") brings this action against Defendant BNSF Railway Company ("BNSF"), for disability discrimination and retaliation under Title VII of the Civil Rights Act of 1964, the Americans with Disability Act, and the Family and Medical Leave Act. (Doc. 1.)

Presently before the Court is BNSF's Motion to Dismiss or Alternatively Transfer Venue. (Doc. 4.) The motion is fully briefed and ripe for the Court's review. (Docs. 12, 16.) In his opposition to BNSF's motion, Grubb requests leave to file an amended complaint. (Doc. 12 at 14.)

Having considered the parties' submissions, the Court finds Grubb should be granted leave to amend.[1]  Accordingly, BNSF's motion will be **DENIED as moot**.

---

[1] Motions for leave to amend are non-dispositive pre-trial matters, and are therefore within the province of a magistrate judge's authority under 28 U.S.C. § 636(b)(1)(A). *U.S. Dominator, Inc. v. Factory Ship Robert E. Resoff*, 768 F.2d

1

I.   BACKGROUND

Grubb worked for BNSF as a track laborer on a mobile tie gang. In July 2017, Grubb was assigned to work in Montana. At the time, Grubb maintained a residence in Missouri, but asserts he rarely worked in Missouri. Grubb currently resides in Minnesota.

Grubb suffers from multiple mental disorders and is on several medications to treat his conditions. During the relevant time period, Grubb's young son was also diagnosed with brain cancer. Grubb alleges he informed his direct supervisor in Montana that he was on medications and had personal problems including his son's condition, and that he would need to miss some work.

On July 26, 2017, Grubb alleges he had an adverse reaction to a new medication. BNSF states that it received information indicating Grubb had engaged in misconduct at certain hotels in Glendive, Montana. Grub states he does not recall what happened, but admitted and took full responsibility for the actions that took place, including causing approximately $65 in damage to a door at a hotel. Grubb was suspended without pay on July 26, 2017, pending an investigation into the incident. (Doc. 5, Ex. 1 at 57.)

---

1099, 1102 n.1 (9th Cir. 1985) ("[Plaintiff's] motion for leave to amend its complaint was properly treated as a nondispositive motion.").

BNSF scheduled an investigation hearing, which was ultimately held in Kansas City, Kansas. Following the hearing, BNSF officials located in North Dakota, Kansas, and Texas reviewed the hearing transcript and recommended that Grubb be terminated. On August 22, 2017, BNSF terminated Grubb. The dismissal letter was sent to Grubb at his home address in Missouri.

## II. LEGAL STANDARDS

BNSF moves to dismiss this action under Federal Rule of Civil Procedure 12(b)(3) for lack of venue, or in the alternative, requests the Court transfer venue to the Northern District of Texas under 28 U.S.C. § 1404.

When the propriety of venue is challenged under Rule 12(b)(3), the plaintiff bears the burden of proving that venue is proper as to each claim. *Piedmont Label Co. v. Sun Garden Packing Co.,* 598 F.2d 491, 496 (9th Cir. 1979); *Allstar Mktg. Grp., LLC v. Your Store Online, LLC*, 666 F. Supp. 2d 1109, 1126 (C.D. Cal. 2009). In considering a Rule 12(b)(3) motion, the Court must draw all inferences in favor of the non-moving party. *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1138 (9th Cir. 2004). However, the "pleadings need not be accepted as true, and facts outside the pleadings may be considered." *Doe 1 v. AOL LLC*, 552 F.3d 1077, 1081 (9th Cir. 2009). If the Court finds venue is improper, it has discretion to dismiss or transfer the case to a permissible venue. 28 U.S.C. § 1406(a).

Discretionary changes of venue are governed by 28 U.S.C. § 1404(a), which provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

28 U.S.C. § 1404(a).

Factors courts frequently consider in determining whether transfer is appropriate in a particular case include:

1. the plaintiff's choice of forum,
2. the location where the relevant agreements were negotiated and executed,
3. the convenience of witnesses,
4. the ability of the two forums to compel non-party witnesses to testify,
5. the respective parties' relative contacts with the forums,
6. the state that is most familiar with the governing law,
7. the relative congestion in the two forums,
8. the length of time action has already been pending in the transferor forum,
9. ease of access to sources of proof, and
10. whether there is a 'local interest' in either of the forums.

*Hillerich & Bradsby Co. v. Ace Am. Ins. Co.*, 2012 WL 2359488, *1 (D. Mont. June 20, 2012). *See also Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000). The moving party bears the burden to establish why the forum should be changed. *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979). "The defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum." *Decker Coal*

4

*Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986). When a transfer "would only shift the inconvenience from defendant to plaintiff, the motion to transfer should be denied." *Anderson v. Thompson*, 634 F.Supp. 1201, 1204 (D. Mont. 1986). "[A] transfer is not available to a forum which is equally convenient or inconvenient to the original forum." *Id.*

### III. DISCUSSION

Grubb's Title VII claims are subject to the special venue provision of 42 U.S.C. § 2000e-5(f)(3). *Johnson v. Payless Drug Stores Nw. Inc.*, 950 F.2d 586, 587-88 (9th Cir. 1991). Under that statute, venue is proper for a Title VII claim:

> in [1] any judicial district in the State in which the unlawful employment practice is alleged to have been committed, [2] in the judicial district in which the employment records relevant to such practice are maintained and administered, or [3] in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, [4] but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principle office.

42 U.S.C. § 2000e-5(f)(3).

Grubb contends venue is proper under the first and third provisions of the statute. Under the first basis for venue, an alleged unlawful employment practice is considered to have been committed in "both the forum where the employment decision is made and the forum in which that decision is implemented or its effects are felt." *Passantino v. Johnson & Johnson Consumer Prods., Inc.*, 212 F.3d 493, 506 (9th Cir. 2000). Under the third basis for venue, courts have interpreted the

5

use of the article "the" rather than "a" to mean there can only be one proper venue under that prong. *See e.g. James v. Booz-Allen*, 227 F.Supp.2d 16, 23 (D.D.C. 2002) (finding the use of "the" in the statute, "strongly suggests that the statutory requirement refers to the aggrieved individual's principal place of work, and not any district in which the individual's work might take him."); *Harrington v. Howard Transp. Inc.*, 2012 WL 1899850, *2 (S.D. Ala. May 23, 2012) (same); *Soul v. Movado Retail Group, Inc.*, 2007 WL 1119296, *3 n.2 (M.D. Pa. April 10, 2007) (same).

Where the Title VII special venue statute applies, it controls, even if non-Title VII claims are included in the lawsuit. *Mayberry v. Int'l Business Machines Corp.*, 2009 WL 1814436, *3 (N.D. Cal. June 25, 2009). Accordingly, Grubb must show venue is proper under one of the prongs of § 2000e-5(f)(3).[2]

---

[2] Grubb has suggested the Court could find venue is proper under the pendent venue doctrine. Grubb asserts that because venue is proper in this district under the general venue statute with respect to his FMLA claim, the Court may exercise pendent venue over his related Title VII claim. Pendent venue, however is not available when a Title VII claim has been alleged. *See Dehaemers v. Wynne*, 522 F.Supp.2d 240, 249 (D.D.C. 2007) (declining to assume pendent venue over the plaintiff's Title VII claim because "when a plaintiff brings a Title VII action, which is covered by Title VII's restrictive venue provision, as well as an action governed by the general venue provision, the narrower venue provision of §2000e-5(f)(3) controls."); *Bartel v. F.A.A.*, 617 F. Supp. 190, 198 (D.D.C. 1985) ("In enacting the special Title VII venue statute Congress deliberately sought to limit the venues in which Title VII actions might be brought. [] Under such circumstances, the Court lacks the authority to ignore the congressional intent to limit venue by finding pendent venue."); *Zumba Fitness, LLC v. Brage*, 2011 WL 4732812, *2 (C. D. Cal. Oct. 6, 2011) (finding that where a plaintiff's claim is

The sole adverse action Grubb alleges in the Complaint is the termination of his employment. (Doc. 1 at ¶¶ 2, 33, 35.) BNSF argues venue is not proper in Montana under any prong of §2000e-5(f)(3) based on that claim. First, BNSF asserts Grubb's dismissal was not committed in Montana. BNSF notes the investigation hearing was held in Kansas, the decision to discharge Grubb was made by employees located in North Dakota, Kansas and Texas, and the dismissal letter was sent to Grubb's home in Missouri. BNSF also argues Grubb did not feel the effects of his dismissal in Montana because he was only working on a temporary project in the state and was not in Montana when the discharge decision was made. Second, BNSF asserts Grubb cannot show he would have worked in Montana but for his discharge because the nature of his job was performing temporary work in various locations. BNSF also notes the gang to which Grubb was assigned only worked in Montana until August 28, 2017.[3] BNSF further asserts Grubb's relevant employment records are maintained in Fort Worth, Texas, and Fort Worth is BNSF's principal place of business.

Grubb counters that in addition to his termination, he was also wrongfully suspended without pay, and his suspension occurred in Montana on July 26, 2017.

---

subject to a special venue provision, the case cannot be brought in a venue that does not satisfy the specific statute, "regardless of whether venue may be appropriate in this district for other claims").

[3] Grubb was terminated on August 22, 2017. (Doc. 5-1 at 74.)

Grubb therefore contends venue is proper in Montana under the first and third prongs of §2000e-5(f)(3). Grubb asserts BNSF was on notice that his suspension was part of his claim in this action. Nevertheless, Grubb requests leave to file an Amended Complaint to clarify that he is seeking redress for wrongful termination as well as discriminatory suspension.

Although Grubb raised his request for leave to amend in his opposition, rather than by a separate motion, the Court will consider the request. The Ninth Circuit has established that a party may present a request for leave to amend in opposition to a motion to dismiss. *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 701 (9th Cir. 1988) (holding district court erred in refusing to grant leave to amend where the plaintiff asked for leave in her opposition to a motion to dismiss). "Rule 15(a) applies where plaintiffs 'expressly requested' to amend even though their request 'was not contained in a properly captioned motion paper.'" *Id.* See also *Gomez v. Cty. of Los Angeles*, 2009 WL 10699661, *1 (C.D. Cal. Dec. 2, 2012) (collecting cases where courts have construed a request in an opposition as a motion for leave to amend).

Rule 15(a)(2) provides the Court must freely grant leave to amend when justice so requires. This rule is "to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). "In assessing whether leave to amend is proper, courts consider 'the presence or absence of

undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment.'" *Lee v. SmithKline Beecham, Inc.*, 245 F.3d 1048, 1052 (9th Cir. 2001) (quoting *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 540 (9th Cir. 1989)). *See also Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999) (stating that generally, the determination of whether to grant leave to amend "should be performed with all inferences in favor of granting the motion."). Futility of amendment alone can be a basis to deny leave to amend. *Ahlmeyer v. Nevada System of Higher Educ.*, 555 F.3d 1051, 1055 (9th Cir. 2009).

Here, the Court finds there was no undue delay, bad faith, or dilatory motive on Grubb's part, and no undue prejudice to BNSF. Further, amendment would not be futile. Grubb points out that his claim of wrongful suspension was included in the complaint he filed with the Equal Opportunity Employment Commission. (*See* Doc. 5-4.) If so, the claim has been exhausted. Further, suspension without pay is an employment action upon which a Title VII claim can be based. *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002); *Burlington N. & Santa Fe Railway Co. v. White*, 548 U.S. 53 (2006). Moreover, because Grubb's suspension occurred in Montana, it appears amendment may cure the venue deficiencies. The Court therefore finds Grubb should be permitted leave to amend.

9

The Court further finds the Complaint should be amended before considering whether a discretionary transfer of venue is appropriate. The additional factual allegations proposed by Grubb, and BNSF's response, may have a bearing on the Court's consideration of the factors under 28 U.S.C. § 1404(a). As such, BNSF's request to transfer venue is denied without prejudice.

### IV. CONCLUSION

Based on the foregoing, **IT IS HEREBY ORDERED** as follows:

1. Grubb's request for leave to amend is **GRANTED**. Grubb shall file an Amended Complaint within 10 days of the date of this order.

2. BNSF's Motion to Dismiss or Alternatively Transfer Venue is **DENIED as moot**. If it wishes, BNSF may re-file its motion after the Amended Complaint is filed.

**IT IS ORDERED.**

DATED this 8th day of November, 2019.

_____
TIMOTHY J. CAVAN
United States Magistrate Judge